# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

SCOTT WALLIS,                                )
                                             )
           Appellant,                )
                                             )
                                             )    No. 11 C 9007
        v.                            )
                                             )    Judge George W. Lindberg
ALAN LEVINE, et al.                          )
                                             )
           Appellees.                )

## MEMORANDUM OPINION AND ORDER

Before the court is Scott Wallis's appeal from the September 20, 2011 decision of the

bankruptcy court *sua sponte* dismissing his adversary complaint, and the bankruptcy court's

November 1, 2011 decision denying his motion to reconsider. For the reasons stated below, the

bankruptcy court's decisions are affirmed.

**I.**    *Procedural Background*

Appellant is a former officer and shareholder of USA Baby, Inc., the debtor in a Chapter

7 bankruptcy proceeding, *In re USA Baby, Inc.*, number 08 B 23564. On June 1, 2010, appellant

and another officer and shareholder, Ron Eriksen, filed *pro se* adversary complaint number 10 A

01212 in the bankruptcy proceeding. The 118-page adversary complaint asserted 35 counts

relating to breach of the automatic stay, violations of the Racketeering Influenced and Corrupt

Organizations Act ("RICO"), and civil rights violations. The complaint named more than 100

defendants, including law firms, state court judges and court clerks, three Illinois counties, the

States of Illinois and Ohio, and the United States, among others.

On July 20, 2010, the bankruptcy court *sua sponte* dismissed the adversary complaint for

lack of standing and jurisdiction. The bankruptcy court found that any claims relating to violations of the automatic stay or RICO belonged to the debtor's estate, and could only be brought by the trustee. In addition, the bankruptcy court concluded that to the extent that appellant and Eriksen had asserted any individual claims, the bankruptcy court did not have jurisdiction over them. On appeal, this court found that the bankruptcy court erred in dismissing the adversary complaint without first giving appellant an opportunity to be heard, and remanded the case to the bankruptcy court for further proceedings. *See Wallis v. Levine*, No. 10 C 5497 (N.D. Ill. Mar. 11, 2011).

On August 23, 2011, the bankruptcy court gave appellant until September 13, 2011 to file a written response addressing the merits of the issues raised in the bankruptcy court's initial dismissal order and in motions to dismiss filed by the parties. The bankruptcy court also instructed appellant to attach a proposed amended complaint to his response if he sought to amend the complaint. The bankruptcy court warned appellant that if he failed to respond on the merits of the issues (such as by filing a discovery request instead of a response, for example), the court would dismiss the adversary complaint again. The bankruptcy court set the case for hearing on September 20, 2011.

Between August 23, 2011 and September 20, 2011, appellant filed more than 100 motions for default, 4 motions to strike various appellees' motions to dismiss, a motion to strike another appellee's answer, a "Memorandum of Law in Support of Default Judgment and Response in Opposition to Pre-Appeal Motions to Dismiss," a motion for leave to conduct discovery and supporting memorandum, and a motion for leave to amend his adversary complaint after conducting discovery.

On September 20, 2011, after hearing appellant's oral argument, the bankruptcy court again *sua sponte* dismissed appellant's adversary complaint. The bankruptcy court noted that it had given appellant an opportunity to respond in writing, and that appellant had still failed to address the issues of standing and jurisdiction. The bankruptcy court rejected appellant's oral argument that appellees should have provided notice to the trustee in Ron Eriksen's personal bankruptcy case, on the basis that appellant lacked standing to make the argument. The bankruptcy court also rejected appellant's oral argument that he can bring his claims as a result of the abandonment of the debtor's estate's claims to him, on the basis that these claims are not within the scope of the bankruptcy court's jurisdiction. The bankruptcy court stated that it continued to believe that its original grounds for dismissing the adversary complaint were correct, and concluded that the case should be dismissed again. Appellant filed a motion to reconsider the September 20, 2011 dismissal decision, which the bankruptcy court denied on November 1, 2011.

Appellant filed a *pro se* appeal of the bankruptcy court's September 20, 2011 dismissal decision, and the November 1, 2011 order denying his motion to reconsider. Eriksen is not a party to this appeal.

## II.    *Issues on Appeal*

Appellant's numerous issues for appeal can be condensed as follows:

1.      Whether the bankruptcy court's procedure leading to its *sua sponte* dismissal was erroneous because:

> a.      the bankruptcy court failed to follow this court's instructions on remand;
>
> b.      the bankruptcy court denied appellant leave to conduct discovery and leave to amend the complaint;

c. the bankruptcy court failed to adequately permit appellant to present arguments relating to jurisdiction;

d. the bankruptcy court failed to give appellant notice of its intent to *sua sponte* dismiss the adversary complaint; and

e. the trustee in Eriksen's personal bankruptcy case was not given notice, and the automatic stay in that case precludes action in this case;

2. Whether the bankruptcy court erred in dismissing the adversary complaint for lack of standing and jurisdiction;

3. Whether the bankruptcy court erred in failing to allow removal under 28 U.S.C. § 157(d) rather than dismissal;

4. Whether the bankruptcy court violated Fed. R. Bankr. P. 9033 by issuing a final order;

5. Whether the bankruptcy court erred in denying appellant's motion to reconsider; and

6. Whether the bankruptcy court was biased against appellant.

**III. Analysis**

On appeal, this court may affirm, modify, or reverse the bankruptcy court's judgment, or remand with instructions for further proceedings. *See* Fed. R. Bankr. P. 8013. The court reviews the bankruptcy court's factual findings for clear error, and reviews its legal conclusions *de novo*. *See In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d 421, 426 (7th Cir. 2007).

The court begins by considering whether the bankruptcy court erred in *sua sponte* dismissing appellant's adversary complaint on remand, without first allowing appellant to conduct discovery and amend the complaint. Contrary to appellant's argument, the bankruptcy court complied fully with this court's remand order. The bankruptcy court gave appellant an

opportunity to present his arguments on the merits in writing, and made clear that it would

dismiss the adversary complaint again, for the same reasons as in its 2010 dismissal, if appellant

failed to address the issues on the merits. When appellant's voluminous filings largely ignored

the merits of the standing and jurisdiction issues, the bankruptcy court entertained appellant's

oral argument. This court did not direct the bankruptcy court to allow appellant to conduct

discovery, as appellant argues, and this court finds that the bankruptcy court did not err in

dismissing the complaint without first permitting appellant to conduct discovery. In addition,

appellant offered no reason why filing an amended complaint would cure the standing and

jurisdictional problems cited by the bankruptcy court in its initial dismissal, and he did not

submit a proposed amended complaint as directed by the bankruptcy court. This court concludes

that there was no error in the process the bankruptcy court used on remand.

Appellant also argues that the trustee in Ron Eriksen's personal bankruptcy case should

have been given notice prior to the *sua sponte* dismissal of the adversary complaint in this case,

and that the automatic stay in Eriksen's personal bankruptcy case precluded the dismissal of the

adversary complaint. At the initial status hearing on remand, the bankruptcy court noted that the

automatic stay precludes actions against a debtor or his estate. By contrast, explained the

bankruptcy court, this adversary action was brought by Eriksen, and the trustee in Eriksen's

personal bankruptcy case could pursue it or not, as the trustee deemed appropriate. In addition,

at the September 20, 2011 hearing, the bankruptcy court advised appellant that he had no

standing to make arguments on behalf of the trustee of Eriksen's bankruptcy estate. This court

agrees with the bankruptcy court that appellant lacks standing to raise these issues.

The court next considers whether the bankruptcy court erred in dismissing the adversary

complaint for lack of standing and jurisdiction. As the bankruptcy correctly observed in the

original July 20, 2010 hearing, the bankruptcy trustee "has the sole responsibility to represent the

estate by bringing actions on its behalf." *See In re Teknek, LLC*, 563 F.3d 639, 646 (7th Cir.

2009). In addition, "the trustee has creditor status under 11 U.S.C. § 544 and is the only party

that can sue to represent the interests of the creditors as a class." *Id.* It is true that under some

circumstances, another individual "may obtain the permission of the bankruptcy court to bring

the action in place of, and in the name of, the trustee." *Fogel v. Zell*, 221 F.3d 955, 965 (7th Cir.

2000). However, in June 2009 the bankruptcy court denied appellant's motion to permit him to

proceed in the name and place of the trustee. *See In re USA Baby, Inc*., 424 Fed. Appx. 558, 561

(7th Cir. 2011). The district court denied appellant's appeal of that order, and the Court of

Appeals affirmed. *See id.* at 561, 563. Thus, appellant does not have standing to act in place of

the trustee.

Appellant argues that he can nevertheless bring his claims because in 2011, the

bankruptcy court ordered the assets of the USA Baby estate abandoned to him. However, as the

bankruptcy court correctly held, there is no jurisdiction in the bankruptcy court over such claims.

Bankruptcy courts have jurisdiction over "any or all proceedings arising under title 11 or arising

in or related to a case under title 11." 28 U.S.C. § 157(a). A case arises under title 11 if it

"involves a cause of action created by a statutory provision of title 11," and arises in a case under

title 11 if it "involves those administrative matters that arise only in bankruptcy cases." *In re*

*Crosson*, 333 B.R. 794, 799 (Bankr. N.D. Ill. 2005). "A case is 'related' to a bankruptcy when

the dispute 'affects the amount of property for distribution [i.e., the debtor's estate] or the

allocation of property among creditors.'" *In re Mem'l Estates, Inc*., 950 F.2d 1364, 1368 (7th Cir.

1991) (quoting *In re Xonics, Inc.*, 813 F.2d 127, 131 (7th Cir. 1987)). To the extent that appellant

now holds the estate's abandoned claims,[1] they are personal causes of action that are outside the

bankruptcy court's jurisdiction. *See In re Green*, 241 B.R. 187, 197 (Bankr. N.D. Ill. 1999)

("When a trustee abandons property to the debtor, there is no remaining basis for bankruptcy

court jurisdiction"). For the same reason, the bankruptcy court lacked jurisdiction over

appellant's other personal claims because they are not related to the bankruptcy.

Essentially, appellant's claims fall into two categories: either they are claims of the

estate, which can only be pursued by the trustee; or they are appellant's personal claims that are

unrelated to the bankruptcy, and thus do not come under the bankruptcy court's jurisdiction. All

of these claims were properly dismissed. The court further notes that since the bankruptcy court

lacked related-to jurisdiction, Federal Rule of Bankruptcy Procedure 9033 did not apply. *See*

Fed. R. Bankr. P. 9033 (requiring that a bankruptcy judge file proposed findings of fact and

conclusions of law in non-core proceedings heard pursuant to 28 U.S.C. § 157(c)(1)).

Appellant identifies as an issue on appeal that the bankruptcy court "abused its discretion

by failing to allow removal under 28 U.S.C. 157(d) rather than dismissal." Appellant does not

otherwise discuss this issue in his briefs, however, and accordingly it is waived. *See Trentadue*

*v. Redmon*, 619 F.3d 648, 654 (7th Cir. 2010) ("underdeveloped arguments are considered

waived"). The court notes that this issue would lack merit in any event, because 28 U.S.C. §

157(d) does not impose any requirement on the bankruptcy court. *See* 28 U.S.C. § 157(d)

---

[1] In a prior appeal involving appellant and the USA Baby bankruptcy, the Seventh
Circuit observed that "[i]t is an open question whether a bankruptcy court may direct that assets
be abandoned to a person other than the debtor." *See In re USA Baby, Inc.*, 424 Fed. Appx. at
562.

(providing that the district court "may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown," and "shall, on timely motion of party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce"); *In re Miller*, No. 10 C 4432, 2011 WL 940044, at *3-4 (N.D. Ill. Mar. 15, 2011) (stating that this provision "does not direct the *bankruptcy* court to do anything").

Finally, appellant offers no support for his contention that the bankruptcy court acted with bias against him. As discussed above, the bankruptcy's decisions were correct, and although appellant's conduct no doubt sorely tried the bankruptcy court's patience, the court treated appellant fairly.

**ORDERED**: The bankruptcy court's September 20, 2011 dismissal of adversary complaint number 10-1212, and November 1, 2011 denial of appellant's motion to reconsider, are affirmed. Case terminated.

ENTER:

George W. Lindberg
Senior U.S. District Judge

DATED:   April 27, 2012